IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-12-190-C |
| | ) | No. CIV-17-469-C |
| BRIAN LINDELL HARDRICK, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant filed a Motion pursuant to 28 U.S.C. § 2255 seeking to correct or modify his sentence. In support of his Motion, Defendant argues that after Mathis v. United States, ___ U.S. ___, 136 S.Ct. 2243 (2016), his sentence is improper. Plaintiff filed a Motion to Dismiss, arguing Defendant's § 2255 Motion is untimely. Although the time to respond to Plaintiff's Motion has passed, Defendant has not responded or sought additional time to respond.

Defendant's request for relief under § 2255 is untimely. Pursuant to 28 U.S.C. § 2255(f)(1), a motion must be filed within one year of final judgment. Here, judgment was entered as to Defendant on January 24, 2014. Recognizing this time bar, Defendant argues his Motion is timely pursuant to 28 U.S.C. § 2255(f)(3), which provides that the one-year limitation period begins from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Tenth Circuit has held that Mathis does not announce a new rule. See United States v. Taylor, 672 F.

App'x 860, 864-65 (10th Cir. 2016) ("Because Mathis did not announce a new rule, Mr. Taylor cannot rely on it in a § 2255 petition filed nearly fifteen years after the judgment in his criminal case became final."). Therefore, Defendant's § 2255 Motion is untimely and it will be dismissed.

For the reasons set forth herein, Plaintiff United States' Motion to Dismiss as Untimely (Dkt. No. 46) is GRANTED. Because no amendment can cure the defect, this dismissal acts as an adjudication on the merits, and a judgment will enter. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. No. 44) is DENIED. A separate Judgment will issue.

IT IS SO ORDERED this 27th day of June, 2017.

ROBIN J. CAUTHRON
United States District Judge